

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 28, 1939

Honorable Claude A. Williams
Assistant Secretary of State
Austin, Texas

Dear Mr. Williams:

Re: Attorney General Opinion No. O-186 -A

I have given careful consideration to your letter of the 17th instant regarding the above opinion, as well as to the opinion and the supplemental opinions of Judge William Hodges, which were attached to your letter, in support of the contention therein made by you. Your letter contains certain fact matters which were not included in your original request for this department's opinion. These fact issues might be relevant in an election contest or in a proper court proceeding, but as to that it is not necessary, or even proper, that the Attorney General give an opinion.

In Judge Hodges' supplemental opinion, of date January 30, 1939, he states that the "write in" votes for Judge Meredith at the general election held in November, 1938, were sufficient to elect him as his own successor, if an election could legally have been held to fill that office at that time. It is Judge Hodges' conclusion, however, that neither Mr. Meredith nor any other person could have been elected at that election, and that a vacancy necessarily occurred in that office after January 25, 1939, which vacancy could only be filled by the Governor's appointing another

Honorable Claude A. Williams, February 28, 1939, Page 2

qualified person as successor to Judge Meredith.

In passing, I wish to say that I have always had great respect for Judge Hodges' opinion on any legal subject, and he has certainly well argued this question as viewed from the position assumed by him. Nevertheless, I am constrained to differ with him and to adhere to the conclusion reached in the Attorney General's said opinion.

The clarifying position as stated by Judge Hodges draws the discussion down to a single issue, and that is as to whether or not by the Act of the Legislature, as amended, any election to fill the office of Special District Judge of Gregg County could be had, except the election which was held in November, 1936 and the election to be held in November, 1940, thereby leaving the vacancy thus created between these two elective dates to be supplied by the appointive power of the Governor. Stated another way, the logical sequence of Judge Hodges' argument is that inasmuch as there could not have been a legal election to this office in November, 1938, and inasmuch as Judge Meredith's term would have expired January 25, 1939, a hiatus or vacancy resulted beginning as of the last named date, which could not be overcome or supplied by the voters until the next general election in November, 1940; that this condition was brought about by the Act of the Legislature in amending Section 8 of the original law; and that to obviate such a vacancy so far as the incumbency of the office is concerned the appointive power of the Governor was called in to requisition as of

Honorable Claude A. Williams, February 28, 1939, Page 3

January 28, 1939, notwithstanding no such power was granted in the original Act or by the words of the said amendment.

The amendment in question is very carefully drawn, and except as to its date, should be considered as if it were contained in the original bill. It is believed that the correct meaning of that amendment was stated in the Attorney General's said opinion, and it is not necessary to repeat it. See, also, Texas Jurisprudence, Volume 39, page 128, Section 64.

The time for the beginning of the term of this office was fixed by the Legislature, as they had a right to do, at a date subsequent to January 1st. This office as created is, strictly speaking, not a constitutional office, but it is such an office as the Legislature was authorized to create by the permissive clause of the Constitution referred to in the Attorney General's said opinion. Consequently, the Legislature could not only say when the term of that office should begin but also how long the office should continue to exist. The Legislature specifically enacted that the office should be an elective one except as to the filling of the vacancy which existed in the ccreation of the office.

It is the duty of the Courts and of this department to so construe the Acts of the Legislature as to arrive at the true intent and purpose of any particular law, and to give effect thereto, unless it is clearly made to appear that some provision of the Constitution has been disregarded or that the law is void for uncertainty.

This office, therefore, by the terms of the Act which created it, being an elective one, the Legislative Act should not be so construed as to read into the law a hiatus or vacancy with respect to the successive terms which would have effect of making the office both an elective office and an appointive office, unless the words of the Act do not admit of any other reasonable construction.

Substantially the same position as advocated by Judge Hodges was taken by the Respondant in the case of Russell vs. State, 171 Ind. 623, 87 N. E. 13, which had to do with the office of the County Auditor, whose term began on March 28th according to the Act of Legislature which created it, and by which the term of the office was fixed at four years. In that case, the Relator was elected at the general election in November, 1906, to succeed the Respondant who was the incumbent and whose term, it was alleged, would have expired March 28, 1908, which was about nineteen months subsequent to the November, 1906, election.

The Supreme Court of Indiana held that the election so held in the last named year was a valid election, and rendered an Ouster Judgment against the Respondant, who was holding over subsequent to March 28, 1908, on the theory that inasmuch as the Legislature had, by general law, fixed January 1st as the beginning of the successive terms in the office, he was elected to hold the office until January 1, 1909.

In the course of their opinion the Court said, in part:

"It is settled, and conceded by the parties here, that the Legislature may fix the commencement of the term of office, within the constitutional restrictions.....The term of office refers to the office itself, and not to the incumbent, and is not enlarged or varied by changing the date when a person shall be elected to fill such office.......

"Whether the voters are entitled to fill an office at any election depends upon the question as to whether the term of an office will expire, so that but for such election a vacancy will occur by limitation, which is but another way of stating the proposition that they are entitled to elect at the election next preceding the expiration of a term. It is conceded by appellant that Lang's term expired March 28, 1904; it must follow that appellant's term began with the expiration of his term, or we would have the anomaly presented by the example put by us by which the Legislature could fill the office, or invoke the appointive power, instead of the elective, a goodlypart of the time......

"The right to fix the commencement of the term and the right to deny an election are two very different things....

"Whilst there is no natural or vested right of suffrage, and it is a political privilege, and, except as guarded by the Constitution, it may be limited or extended by statute, we think that it is here guarded by the Constitution, which provided the length of the term, and by the Constitution and general statute, which fixes the time for general election. They must be considered together, and, being so considered, the term and the time for choosing the officer are both fixed, and in so far are substantive rights of the voter, and they cannot by indirection be infringed upon."

If it be conceded, therefore, as Judge Hodges has conceded, that the election in November, 1938, was effective to elect Judge Meredith his own successor, provided such election was authorized to be held then, the answers to your questions which you originally propounded are removed from any doubt in the opinion of this department.

This reply to your request for a review of the Attorney General's opinion has been made as promptly as the importance of

Honorable Claude A. Williams, February 28, 1939, Page 6

the question and the other duties imposed upon the writer would permit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *W. F. Moore*,

W. F. Moore
First Assistant

WFM:GO

APPROVED:

ATTORNEY GENERAL OF TEXAS